James F. Kahn - 003063
Krystal M. Ahart - 029358
**KAHN & AHART, PLLC**
**BANKRUPTCY LEGAL CENTER™**
301 E. Bethany Home Rd., Suite C-195
Phoenix, AZ 85012-1266
Phone: 602-266-1717
Fax: 602-266-2484
Email: James.Kahn@azbk.biz
Email: Krystal.Ahart@azbk.biz
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>LORD PINDER NATION,<br><br>Debtor. | In Proceedings Under Chapter 7<br><br>Case No.: 2:24-bk-00693-EPB |

**MOTION TO COMPEL TRUSTEE TO ABANDON HOMESTEAD,
EXEMPT PERSONAL PROPERTY, AND OTHER
ASSETS OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE**

Lord Pinder Nation, Debtor, through BANKRUPTCY LEGAL CENTER™, respectfully moves this Court for an Order directing the Trustee to abandon Debtor's homestead, all personal property listed on Debtor's Schedule "C," and other assets that are burdensome or of inconsequential value to the Estate. This Motion is brought pursuant to 11 U.S.C. § 554, Rule 6007, Rules of Bankruptcy Procedure, Rule 6007-1, L.R.B.P., and the Memorandum of Points and Authorities which follows.

DATED this 12th day of June, 2024.

            KAHN & AHART, PLLC
             BANKRUPTCY LEGAL CENTER™

            /s/ Krystal M. Ahart, SBN029358
            Krystal M. Ahart
            Attorney for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

A. FACTS

1. Debtor filed his Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on January 29, 2024.

HOMESTEAD

2. Debtor owns a home and lot that is his homestead and which was properly listed in his Schedule A/B (dkt #13), pursuant to 11 U.S.C. § 521(1).

3. Debtor claimed his homestead as exempt in his Schedule C, pursuant to Ariz. Rev. Stat. § 33-1101. No timely objection to Debtor's claim of homestead exemption were filed.

4. The homestead property is described as:

STREET ADDRESS: 18420 W. Solano Drive
Litchfield Park, Arizona 85340

LEGAL DESCRIPTION: Lot 45, Cottonwood Estates, According to Book 688 of Maps, Page 26, Records of Maricopa County, Arizona.

Parcel Number: 502-27-418

(the "Homestead").

5. Debtor purchased the Homestead in May, 2017 for $625,000.00.

6. At the time of his filing, Debtor listed the value of the property in his Schedule A/B as $1,193,454.33, based upon a Zillow estimate.

7. Pursuant to a current valuation estimate from Zillow.com, the value of the Property and lot is $1,219,300.00. A copy of the Zillow.com estimate is attached as Exhibit "A."

8. Pursuant to a current valuation estimate from Redfin.com, the value of the Property and lot is $1,184,638.00. A copy of the Redfin.com estimate is attached as Exhibit "B."

9. The Estate's interest in the Property is approximately ($0.00), calculated as follows:

| | |
|---|---:|
| Probable (current) sale price per Zillow: | $1,219,300.00 |
| Less: commission & closing costs @ 7%: | –$ 85,351.00 |
| Less: approx. balance due on first Deed of Trust: | –$510,091.00[1] |
| Less: approx. balance due to HOA: | –$ 5,439.05 |
| Less: approx. balance due on secured tax lien: | –$284,038.44 |
| Net equity: | $334,380.51 |
| Less: Debtors' homestead exemption: | –$400,000.00 |
| Estate's interest: | ($65,619.49) |

10. As reflected above, the Property could not be sold for an amount sufficient to pay real estate commissions & closing costs, the balance due on the first deed of trust, the balance due to the HOA, the secured tax lien, and Debtor's exemption.

11. Additionally, distressed real property sales generally do not bring fair market value (Debtor's home is currently in foreclosure and in bankruptcy).

12. Debtor seeks abandonment of his homestead at this time because his mortgage account is significantly past due and his mortgage lender is unwilling to offer any viable options for saving the home from foreclosure, despite participation in the Mortgage Modification Mediation Program. Debtor has found a lender willing to loan an amount sufficient to cure his mortgage and save the home, but lender will only fund <u>after</u> the homestead is officially abandoned from the Bankruptcy Estate.

---

[1] Updated payoff on first Deed of Trust (through 6/10/2024) is $564,060.81. Updated payoff on HOA (through 4/1/2024) is $47,373.50. Debtor does not have an updated payoff on the tax lien.

13. The amount of Debtor's equity in the Property at the time of filing was and is within the exemption amount established pursuant to A.R.S. § 33-1101 et seq. and 11 U.S.C. § 522 at the time of the filing of this bankruptcy case.

14. The time to file Objections to Debtor's claimed exemptions has passed, and neither the Trustee nor any party-in-interest has filed an Objection.

15. Debtor asserts the Property is burdensome to the Estate or is of inconsequential value and benefit to the Estate, and should be abandoned, pursuant to 11 U.S.C. § 554, Rule 6007, Rules of Bankruptcy Procedure, and Rule 6007-1, L.R.B.P.

## EXEMPT PERSONAL PROPERTY

16. Debtor has listed personal property as exempt in his Schedule C, a copy of which is attached as Exhibit "C."

17. The time to file Objections to Debtor's claimed exemptions has passed, and neither the Trustee nor any party-in-interest has filed an Objection.

18. The exempt personal property is burdensome to the Estate or is of inconsequential value and benefit to the Estate, and should be abandoned, pursuant to 11 U.S.C. § 554, Rule 6007, Rules of Bankruptcy Procedure, and Rule 6007-1, L.R.B.P.

## ADDITIONAL ASSETS OF INCONSEQUENTIAL VALUE

19. Additionally, Debtor has listed the following additional assets on his Schedule A/B:

    a. 2021 Hyundai Palisade (approx. value $23,428; loan balance $36,775);

    b. Pool table (value is $500, but cost to move out of basement and costs of sale would likely consume this amount);

    c. 100% Membership Interest in Pindernation Design, LLC (never

operated; no assets);

  d. 100% Membership Interest in Pindernation Motors, LLC (never operated; no assets);

  e. Sole Proprietorship: Lord Pinder Nation (electrician services; no assets); and

  f. 100% Membership Interest in Pindernations, LLC (never operated; no assets).

20. Debtor asserts the above-listed property is burdensome to the Estate or is of inconsequential value and benefit to the Estate, and should be abandoned, pursuant to 11 U.S.C. § 554, Rule 6007, Rules of Bankruptcy Procedure, and Rule 6007-1, L.R.B.P.

B. LEGAL AUTHORITIES

21. Section 554 of the United States Bankruptcy Code provides:

> (b) On request of a party in interest and after notice and a hearing, the Court may order the Trustee to abandon any property of the Estate that is burdensome to the Estate or that is of inconsequential value and benefit to the Estate.

22. The Ninth Circuit has held, under very similar facts, that the Debtor's exempt homestead interest "is no longer property of the estate" and "not property to which § 724(a) applies." (see In re Tillman, 53 F.4th 1160 (2022)).

23. Rule 6007 provides that any party in interest may file a Motion requiring the Trustee to abandon property of the Estate.

24. Local Rule 6007-1(c) requires that Notice of the Morion be served on the United States Trustee and all parties on the Master Mailing List.

Page 5 of 6

23125.d83a Mtn to Abandon.docx

Case 2:24-bk-00693-EPB Doc 79 Filed 06/12/24 Entered 06/12/24 12:03:00 Desc
Main Document Page 5 of 6

1     WHEREFORE, Debtor prays for an Order of this Court directing the Trustee to
2 abandon his homestead, all personal property listed on Schedule "C", and the additional
3 assets listed above, as they are burdensome or of inconsequential value to the Estate.

4     RESPECTFULLY SUBMITTED this 12th day of June, 2024.

5     KAHN & AHART, PLLC
6       BANKRUPTCY LEGAL CENTER™

7     /s/ Krystal M. Ahart, SBN029358
8     Krystal M. Ahart
    Attorney for Debtor